**Patricia DUGUIE and Patricia Deforge, Plaintiffs–Appellants,**

v.

**CITY OF BURLINGTON, Defendant–Appellee,**

**John Does, Individually and as Officers of City of Burlington Police Department and ENE Evaluator, Defendants.**

No. 05–0884.

United States Court of Appeals, Second Circuit.

Jan. 12, 2006.

Steven A. Bredice, Powell Orr & Bredice PLC, Williston, VT, for Appellants.

Joseph Farnham (Janet C. Murnane, on the brief), McNeil, Leddy & Sheahan, P.C., Burlington, VT, for Appellee.

* The Honorable Carol Bagley Amon, of the United States District Court for the Eastern

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges, and CAROL BAGLEY AMON,* District Judge.

## SUMMARY ORDER

Plaintiffs Patricia Duguie and Patricia Deforge brought this action against the City of Burlington, alleging that they had been subjected to sexual harassment when working for a private cleaning business that provided janitorial services at the Burlington Police Department ("BPD"). Specifically, plaintiffs claimed that on weekends or when the regular janitor of the BPD was on vacation, they were assigned to clean the men's locker room at the BPD. Allegedly, in several instances while each of the plaintiffs was cleaning the locker room, a male police officer came into the locker room and began to undress or to urinate. Plaintiffs asserted claims pursuant to: (1) 42 U.S.C. § 1983 for violation of their rights under the Equal Protection Clause of the Fourteenth Amendment; (2) the Vermont Fair Employment Practices Act ("VFEPA"), Vt. Stat. Ann. tit. 21, § 495 *et seq.;* and (3) the common law of negligent supervision and termination in violation of public policy. Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, and the District Court granted the motion. We assume the parties' familiarity with the underlying facts and procedural history.

The District Court determined that plaintiffs had failed to establish a basis for municipal liability pursuant to 42 U.S.C. § 1983. *See generally Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

District of New York, sitting by designation.

Insofar as plaintiffs claimed that they were compelled to work in a hostile work environment, the District Court found that there had only been a few isolated incidents in the years that plaintiffs worked at the BPD, and that those incidents were not "sufficiently severe ... to create a hostile work environment." *Duguie v. City of Burlington,* No. 2:03–CV–105, Opinion and Order, at 15 (D.Vt. Jan. 19, 2005). Certain of the incidents had not been specifically reported to the BPD, and when plaintiffs did lodge proper complaints, the BPD made "a meaningful effort ... to investigate and forestall future incidents." *Id.* at 17. In addition, the District Court concluded that the City of Burlington did not have a "policy or custom involving sending female janitorial workers into the men's locker room without adequate protection against sexual harassment." *Id.* at 19. The Court also found that there had been no constructive discharge, as "there is no evidence that the work environment at BPD was so intolerable that Duguie or Deforge were forced to quit." *Id.* at 20–21. Furthermore, the District Court determined that plaintiffs' failure to establish that the City of Burlington knowingly subjected them to a hostile work environment or constructively terminated them proved fatal to their claims pursuant to the VFEPA and the common law. Accordingly, the District Court granted defendants' motion for summary judgment and dismissed plaintiffs' claims.

On appeal, plaintiffs argue that the District Court's legal analysis was flawed because it allegedly ignored facts tending to support plaintiffs' claims and failed to draw all reasonable inferences in plaintiffs' favor. Upon *de novo* review of the record, *see Conn. Dep't of Social Servs. v. Leavitt,* 428 F.3d 138, 143 (2d Cir.2005), we conclude, for substantially the reasons set forth by the District Court in its thoughtful and comprehensive opinion, that summary judgment was properly granted in favor of defendants.

We have considered all of plaintiffs' arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.